**SIGNED.**

**Dated: January 02, 2010**



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>HARLAN J. RATLIFF and THERESA L. RATLIFF,<br><br>       Debtors.<br>COCHISE AGRICULTURAL PROPERTIES, LLC; TODD CAMPBELL and STEPHANIE MCRAE, individually and as husband and wife, and derivatively on behalf of Cochise Agricultural Properties, LLC,<br>       Plaintiffs,<br>vs.<br>RATLIFF FARMS, LLC, an Arizona limited liability company; HARLAN JEFFERSON RATLIFF and THERESA H. RATLIFF, husband and wife; and SECURITY TITLE AGENCY, INC., an Arizona business,<br>       Defendants. | Chapter 11<br><br>No. 4:09-bk-03138-JMM<br><br>Adversary No. 4:09-ap-00275-JMM<br><br>**MEMORANDUM DECISION RE:**<br>**RULE 59 MOTION TO**<br>**ALTER/AMEND OR FOR NEW**<br>**TRIAL** |

   The court has reviewed Defendants' Rule 59 motion to alter or amend, or for new trial, as well as Plaintiffs' response. The court also reviewed its own Memorandum Decision. In such review, the court finds no new arguments which it had failed to consider. Each of the points raised by the Defendants is addressed in the Memorandum Decision, and supported by citation to applicable law. As requested by the Defendants, the court made detailed findings of fact and conclusions of law, and specifically answered every question posed by the parties in their joint pretrial statement.

1  Only one point may need clarification. The Defendants maintain that they are not liable for conversion because Plaintiffs agreed to allow a mortgage upon the farm, and later a substitution of that lien for one upon the N.K. note's proceeds. Defendants argue that, since N.K. had a right to foreclose on that <u>collateral</u>, they were somehow authorized to pay Wells Fargo with Campbell/McRae's property (their distribution). This argument is misplaced. The obligation to <u>repay</u> Wells Fargo was entirely the obligation of the Ratliffs and Ratliff Farms, and never the debt of Campbell/McRae. Therefore, the use of Campbell/McRae's portion of the N.K. instalment to pay Ratliffs' debt, without authorization, was a knowing conversion, which specifically targeted and harmed Campbell/McRae.

All other arguments were, specifically and fully, addressed in the Memorandum Decision. The court therefore cannot, after full review, find a valid legal or factual reason to either change any part of its decision, or to order a new trial.

The Defendants' motion will therefore be DENIED. A separate order will enter.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Robert D. Mitchell
Mitchell & Associates PC
1850 N Central Ave
Phoenix, AZ 85004-0001
Attorneys for Plaintiffs

Rob Charles, Attorney for Plaintiffs

Sally M. Darcy, Attorney for Defendants

Office of the U.S. Trustee