**SIGNED.**



Dated: February 18, 2010

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>HARLAN J. RATLIFF and THERESA L. RATLIFF,<br><br>                 Debtors.<br><br>COCHISE AGRICULTURAL PROPERTIES, LLC; TODD CAMPBELL and STEPHANIE MCRAE, individually and as husband and wife, and derivatively on behalf of Cochise Agricultural Properties, LLC,<br><br>                 Plaintiffs,<br><br>vs.<br><br>RATLIFF FARMS, LLC, an Arizona limited liability company; HARLAN JEFFERSON RATLIFF and THERESA H. RATLIFF, husband and wife; and SECURITY TITLE AGENCY, INC., an Arizona business,<br><br>                 Defendants. | Chapter 11<br><br>No. 4:09-bk-03138-JMM<br><br>Adversary No. 4:09-ap-00275-JMM<br><br>**MEMORANDUM DECISION RE:**<br><br>**1) ATTORNEYS' FEES AND COSTS**<br><br>**AND**<br><br>**2) FORM OF JUDGMENT** |

      Pending before the court are two matters which must be concluded before this case becomes final at the trial level. They are:

      1.    Plaintiff's Application for an Award of Attorneys' Fees (DN 83); and

      2.    Finalization of the form of Judgment.

The court notes that on January 12, 2010, the Defendants Harlan J. Ratliff and Theresa H. Ratliff filed a notice of appeal (DN 102). However, that appeal is premature because matters at the trial level will not be concluded until the court decides the two matters still remaining, and a final judgment is entered. Once judgment is entered, then the appeal becomes timely. FED. R. BANKR. P. 8002(a).

The bankruptcy court retains jurisdiction, despite the filing of a notice of appeal, to rule upon ancillary matters such as awarding attorney's fees. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (citing *White v. N.H. Dept. of Employment Sec.*, 455 U.S. 445, 102 S.Ct. 1162 (1982)); *see also United States v. Edwards*, 800 F.2d 878, 884 (9th Cir. 1986). This, of course, includes finalizing the judgment.

A timely appeal only deprives the bankruptcy court of the power to alter, expand or vacate the order at issue. *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000). "The bankruptcy court retains jurisdiction over all other matters that it must undertake 'to implement or enforce the judgment or order' [that is on appeal]." *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007) (citing *Padilla*, 222 F.3d at 1190) (alteration added). Here, once the final issues are resolved, and a judgment is rendered and entered by the Clerk, the notice of appeal will simply be deemed premature and treated as timely.

### **A. Attorneys' Fees**

Plaintiffs seek $340,736.35 in fees, for work expended by four different firms on their behalf. Two of the firms, Lewis and Roca and Stinson Morrison Hecker, were engaged after the Debtors filed bankruptcy proceedings. The other two firms were general litigation counsel who performed the bulk of the litigation on the non-bankruptcy, state court causes of action, or who bore the bulk of the trial-related duties.

The Defendants have objected to the fee request in general, but except for their arguments concerning the Stinson Morrison Hecker fees, have not provided the court with specific dates and times of the services provided which they feel were unreasonable. Their grievance simply

complains that the requested fees are excessive, and leaves it to the court to ferret through the fee application in search of improper entries.

The Plaintiffs submitted detailed time records for each firm, totaling approximately 135 pages (*see* DN 83). Defendants have not pointed to any specific fee entry (with the general exception to the Stinson Morrison Hecker fees) which they feel were inappropriate.

The Stinson Morrison Hecker and Lewis and Roca fees were generated solely in response to the Defendants having filed voluntary federal bankruptcy proceedings. Those filings necessitated bringing attorneys into the fray who could advise as to the Plaintiffs' rights with regard to that new legal development. In view of the issues involved, the court does not believe that the fees generated by any firm were unreasonable.

Accordingly, Plaintiffs' application for an award of attorneys' fees in the amount of $340,736.35 will be granted.

### B. Costs

Plaintiffs seek taxable costs of $5,637.95. No objection has been made to that request. They will be granted.

### C. The Form of Judgment

The parties' concerns as to the form of judgment break down into the following categories:

1. What actual award should be made as to all Plaintiffs, and especially as to Plaintiffs Campbell/McRae?
2. Is interest appropriate?
   - At what rate, state or federal;
   - May interest be awarded post-petition;
   - Was it appropriate to award pre-judgment interest?

3. Is setoff or recoupment appropriate to allow payment to Plaintiffs before distribution to the Defendants?

Each of these questions will be answered in the following paragraphs.

## 1. The Actual Monetary Award

Plaintiffs Campbell/McRae were, together, 50% members of Cochise Agricultural Properties, LLC ("CAP"). Campbell/McRae brought suit derivatively on behalf of CAP, and both the corporation and Campbell/McRae were the Plaintiffs in this action. While both the 50% Campbell/McRae members, <u>and</u> CAP were injured by the Defendants' actions, there is practical merit to the argument that only the portion taken from Campbell/McRae needs to be actually compensated. While a wrong, and an injury, also occurred to CAP, CAP, if paid in full, would ultimately distribute half of any recovery (excluding fees and costs) back to Defendants.

It would be a meaningless gesture to require the Defendants to pay the full damage amount to CAP, only to then have CAP distribute half of that sum back to Defendants for their 50% share. Instead, only the amount by which Campbell/McRae have been individually damaged needs to be repaid. That sum, as of October 26, 2006, is $178,188.14.

This represents a practical solution, without diluting the importance of the finding of legal liability to both Campbell/McRae and CAP.

## 2. Is Interest Appropriate, and At What Rate?

Pre-judgment interest is appropriate on a sum which is easily liquidated. The Memorandum Decision (DN 77), at 37, sets forth the court's reasoning in holding that the damage amount was readily calculable as of October 20, 2006.

The Defendants argue that a federal rate of interest should apply, rather than Arizona's 10% rate applicable to debt. ARIZ. R. STAT. § 44-1201(A). The court disagrees. This case presented a question of liability under an Arizona contract, between Arizona residents, who were

the only members of an Arizona limited liability company. Moreover, the corporation's operating agreement, signed by all the members (parties to this action) provided that the governing law was "the laws of Arizona. . . ." (Ex. D-311 at 25, para. 10.5.) Arizona's law regarding what interest rate to apply was therefore decided by the parties themselves.

Thus, interest is calculable, to the date of bankruptcy on the amount owed to Campbell/McRae, as follows:

| | |
|---|---:|
| October 26, 2006 Principal | $178,188.14 |
| Interest at 10% from October 26, 2006 to October 25, 2007 | 17,818.81 |
| Interest at 10% from October 26, 2007 to October 25, 2008 | 17,818.81 |
| Interest at 10% from October 26, 2007 to February 24, 2009 (date of bankruptcy filing) ($48.81 x 122 days) | <u>5,954.82</u> |
| **Total due as of date of bankruptcy filing** | **$219,780.58** |

The next question is: is interest accruing post-bankruptcy eligible for payment as well? If so, to February 24, 2010, the Defendants would owe an additional, post-bankruptcy amount of $11,863.99. The court concludes that such post-petition damage is also recoverable, as the setoff/recoupment doctrines would so allow. *See, e.g., Newbery Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1399 (9th Cir. 1996); *In re Madigan,* 270 B.R. 749 (9th Cir. BAP 2001). However, the setoff and recoupment doctrines would only be applicable so long as the stream of income from the N.K. note exists. Once the N.K. note is paid in full, then any unpaid balance remaining would be a general unsecured claim, and bankruptcy principles would then apply.

### **3. Setoff or Recoupment**

In its decision, the court concluded that setoff and/or recoupment doctrines required full payment to the injured parties, from the Ratliffs' share of the corporate proceeds, prior to the Ratliffs receiving any further distribution. (Memorandum Decision at 38-39, DN 77.) This is because the primary liability of the Ratliffs is to CAP, the corporation. CAP was then obligated to distribute in accordance with its Operating Agreement. Only when the corporation is fully repaid what the Ratliffs wrongfully diverted from it (plus fees and costs) are any proceeds from the N.K. note to be divided between the members according to their 50/50 interests.

In this analysis, it is the <u>corporation</u> which owes the Ratliffs 50% of the existing and future proceeds, and it is the Ratliffs who owe the <u>corporation</u> $356,376.28 (after the offset of $1,858.61), together with interest, as well as fees and costs. (*See* Memorandum Decision at 37, DN 77.) Simply because this court, in part C.1. above, recognized the <u>practical</u> reality of only requiring the other 50% members to be paid their share of the damage does not change the <u>legal</u> analysis. The Ratliffs owe the corporation money; the corporation owes the Ratliffs money. This is the very definition of "mutuality." The court's legal authority for imposing this remedy is found at pp. 38-39 of its Memorandum Decision (DN 77).

As a result, the Ratliffs are not entitled to any distribution until they have repaid, out of the currently held and future N.K. payments, what they owe to the corporation.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to the following:

Robert D. Mitchell, Attorney for Plaintiffs

Rob Charles, Attorney for Plaintiffs

Sally M. Darcy, Attorney for Defendants

Office of the U.S. Trustee